IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CHRISTOPHER NOEL BRALEY,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:22-cv-00534

BRANDON THOMPSON, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Notice of Potential Conflict and Motion to Produce. [ECF Nos. 26, 27].[1] Defendants filed a response in opposition addressing the merits of Plaintiff's Motion. [ECF No. 28]. Plaintiff did not file a reply, and the deadline for such has passed. For the reasons discussed herein, Plaintiff's Motion is **DENIED**.

    I.    Background

On May 26, 2023, Plaintiff filed the instant Motion after learning that Pullin, Fowler, Flanagan, Brown & Poe, PLLC ("Pullin"), the firm currently representing the defendants, previously represented the plaintiff, Christopher Braley. [ECF No. 27, at

---

[1] Plaintiff first filed his Motion on May 26, 2023, without any attachments. [ECF No. 26]. Later that same day, Plaintiff filed a second copy of the Motion [ECF No. 27], which includes a single attachment but is otherwise identical to the first filing. For this analysis, I will refer to the second filing [ECF No. 27] as it is the full Motion.

1]. According to the Motion, Pullin represented Mr. Braley in a civil action in the Circuit Court of Putnam County in 2013.[2] *Id.* Plaintiff contends that Pullin's prior representation of him constitutes a potential conflict of interest requiring this court's consideration. *Id.* Plaintiff likewise moves this court to direct Pullin to produce a complete copy of its file from Plaintiff's prior case, including all "notes, pleadings, time records, exhibits, and any other item[s] pertaaining [sic] to their representation of the plaintiff." *Id.* However, the Motion offers no support for its contention that Pullin's prior representation of Mr. Braley might constitute a conflict of interest, nor does it cite to a single rule or case to guide this court's analysis. Instead, Plaintiff's Motion offers only a single conclusory sentence explaining that Pullin, by way of its prior representation, "had access to the plaintiff's personal and financial information, thus creating a potential conflict of interest." *Id.*

In response, Pullin argues that no conflict of interests exists as the attorney who handled Mr. Braley's state court matter, Gary E. Pullin,[3] is no longer associated with the firm. [ECF No. 28, at 2]. Pullin likewise contends that the two matters are not substantially related, and any information acquired by Pullin during its prior representation of Mr. Braley has been rendered obsolete by the passage of time. *Id.* at 3–4.

---

[2] The prior civil action is *Darrell Crist v. Christopher Noel Braley, et al.*, Civil Action No. 13-cv-241, and was dismissed by the parties on May 16, 2014. [ECF No. 27, at 3–4].

[3] A second attorney, Emily L. Lilly, is also listed as having represented Mr. Braley in the prior state court matter. *See id.* at 3. Like Mr. Pullin, Ms. Lilly is no longer associated with Pullin and has not been a member of the firm since 2016.

2

## II. Legal Standards

An attorney or his law firm has an actual conflict when the attorney actively represents conflicting interests. *United States v. Tatum*, 943 F.2d 370, 375 (1991) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). Rule 1.9 of the West Virginia Rules of Professional Conduct governs a lawyer's duties with respect to a former client. Rule 1.9(a) states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

In cases governed by Rule 1.9, "the burden of establishing that a substantially related matter exists is on the former client. Once it is established that the matters are substantially related, the court will presume that confidential information was divulged during the earlier representation, thereby avoiding disclosure of the very information which is to be protected." *State ex rel. Ogden Newspapers v. Wilkes*, 566 S.E.2d 560, 563 (W. Va. 2002). The clear justification for such a presumption is to prevent any disclosure of information protected by attorney-client privilege. *Id.*

Lawyers are likewise restricted in whom they can represent while affiliated with a firm. Rule 1.10(a) states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 . . . ." When a lawyer has terminated his association with a firm, that firm "is not prohibited from . . . representing a person [whose] interests [are] materially adverse to . . . a client represented by the formerly

3

associated lawyer and not currently represented by the firm, unless: (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter." Rule 1.10(b). The comments to Rule 1.10 "highlight the conflict between a client's right to the safekeeping of his confidences and the right of lawyers to form new associations and take on new clients after having left a previous association." *HealthNet, Inc. v. Health Net Inc.*, 289 F. Supp. 2d 755, 757 (S.D. W. Va. 2003).

### III. Discussion

To determine whether Pullin's prior representation of Mr. Braley presents a conflict of interest, I must first determine whether the earlier matter is "substantially related" to the case at hand. Matters are substantially related if they "involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Rule 1.9, cmt. 3. Resolving the question of substantial relation requires an analysis of the facts, circumstances, and legal issues of the past and present representations. Syl. Pt. 3, *State ex rel. McClanahan v. Hamilton*, 430 S.E.2d 569, 572–73 (W. Va. 1993).[4]

---

[4] Other courts have held that "[t]he 'substantially related' test requires a 'virtual congruence of issues,' and the relationship between the issues in the prior case must be 'patently clear.'" *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 518 (M.D. N.C. 1996) (quoting *U.S. Football League v. Nat'l League*, 605 F. Supp. 1448, 1457 (S.D. N.Y. 1985)). "[T]he concern is whether there is a reasonable probability that confidences were disclosed in the prior representation which could be used against the former client in the current litigation." *Id.* (citing *In re Stokes*, 156 B.R. 181, 187 (Bankr. E.D. Va. 1993)).

4

As outlined above, Plaintiff's Motion wholly fails to explain how Mr. Braley's former state court action is "substantially related" to this matter. Plaintiff does not provide any information whatsoever about the subject of the prior case, and certainly fails to demonstrate a "congruence of issues" that is "patently clear." *Plant Genetics Sys.*, 933 F. Supp. at 518. Accordingly, Mr. Braley has not met his burden of establishing that a substantially related matter exists which creates a conflict of interest. *State ex rel. Ogden Newspapers*, 566 S.E.2d at 563.

Moreover, it is clear from the caption of the prior state action that the issues in that matter are likely distinct from those currently before the court. The prior state case was a civil action initiated by an individual against Mr. Braley, his company, Wildlife Removal Service, and Maximum Petroleum Products. [ECF No. 27, at 3]. This case, on the other hand, concerns the alleged arrest and brutalization of Mr. Braley by law enforcement on November 24, 2020. [ECF No. 1]. It is unclear how issues in a civil suit apparently concerning wildlife removal and petroleum products could be substantially related to issues material to alleged civil rights violations occurring during an arrest. It is also unlikely that any financial information obtained during Pullin's representation of Mr. Braley—more than 10 years ago—would be relevant to his civil rights case.

These matters are not substantially related as they do not involve the same transaction or legal dispute, and there is no substantial risk that confidential information obtained in the prior representation will materially impact Mr. Braley in the instant case. Rule 1.9 thus does not bar Pullin from representing the defendants

5

here as Pullin did not represent Mr. Braley in a substantially related matter. Rule 1.10 likewise does not impute a conflict of interest upon Pullin as both Mr. Pullin and Ms. Lilly, the lawyers who represented Mr. Braley in an unrelated matter, have left the firm, taking with them any knowledge pertaining to Mr. Braley and his financial status.[5] [ECF No. 28, at 2]. I **FIND** that no potential conflict of interest exists at this time, based on the record before me.

### IV. Motion to Produce

Because Mr. Braley has failed to demonstrate that a potential conflict of interest exists, he is not entitled to the production of his former case file in this matter.[6] Rule 26 of the Federal Rules of Civil Procedure states: "[p]arties may obtain discovery regarding any . . . matter," not privileged, "that is relevant to . . . the claim or defense" of any party. I fail to see how Mr. Braley's former case file is in any way relevant to the claims at issue in this case. Additionally, the Rules require parties to meet and confer before filing a motion to compel or motion to produce. *See* Fed. R. Civ. P. 37 (requiring parties to meet and confer as to virtually all discovery disputes which could lead to the filing of a motion to compel or motion to produce); *see also* Loc. R. Civ. P. 37.1(b) (imputing upon parties the duty to confer before filing any discovery motion). Plaintiff's Motion is silent as to the steps taken by him to obtain the case file, without this court's intervention. Because Plaintiff has failed to comply

---

[5] As outlined previously, I am persuaded that any knowledge obtained by Ms. Lilly and Mr. Pullin during their prior representation of Mr. Braley would be unhelpful to Pullin's representation in the current case given the passage of time and the legal issues distinguishing the two cases.

[6] As a former client of Pullin, Mr. Braley may have other avenues of recourse if he wishes to obtain his former case file.

with Rule 37 and cannot demonstrate that a potential conflict of interest exists to justify the production of his former case file, his Motion to Produce is **DENIED**.

### V. Conclusion

For the foregoing reasons, Plaintiff's Notice of Potential Conflict and Motion to Produce [ECF Nos. 26, 27] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 27, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE